IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FERNANDO R. VARGAS-MELÉNDEZ,<br><br>**Plaintiff**<br><br>v.<br><br>EMERSON PUERTO RICO, INC. ET AL.,<br><br>**Defendants** | **CIVIL NO.** 21-1357(RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Plaintiff's *Motion to Remand* (Docket No. 8) and *Motion to Reiterate Partial Withdrawal of Claims and Remand* (Docket No. 10). After reviewing the documents on record and the applicable law, the Court hereby **REMANDS** this lawsuit to the Puerto Rico Court of First Instance, Bayamon Superior Part, for lack of subject matter jurisdiction.

### I. BACKGROUND

On May 27, 2021, Plaintiff Fernando Vargas-Melendez's ("Plaintiff" or "Vargas") filed a *Complaint* in the Puerto Rico Court of First Instance against Emerson Puerto Rico, Inc. and Emerson Automation Solutions for wrongful termination and discrimination. (Docket Nos. 1 ¶ 11). Specifically, the original *Complaint* contained claims pursuant to Puerto Rico's general anti-

discrimination statute, Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29 §§ 146, et seq. ("Law 100"), as amended; Puerto Rico's Unjust Dismissal statute, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, et seq. ("Law 80"); Puerto Rico Law No. 4 of January 26, 2017, P.R. Laws Ann. tit. 29 §§ 121, et seq. ("Law 4"); the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"); and Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000, et seq. ("Title VII"). (Docket No. 1 ¶ 11).

Subsequently, co-defendant Emerson Puerto Rico, Inc. ("Defendant" or "Emerson") filed a *Notice of Removal* asserting this Court has original jurisdiction over Plaintiff's claims arising under federal law. (Docket No. 1). On August 14, 2021, Plaintiff filed a *Motion for Partial Withdrawal of Claims* ("*Motion for Withdrawal*"), notifying the Court of the withdrawal without prejudice of his claims under the ADEA and Title VII pursuant to Fed. R. Civ. P. 41(1)(A)(1). (Docket No. 7). Additionally, Plaintiff filed a *Motion to Remand* claiming that in light of the requested withdrawal of his federal law claims, there is no longer a federal question in the case to justify removal. (Docket No. 8). On September 2, 2021, Emerson filed its *Answer to the Complaint*. (Docket No. 9). That same day, Plaintiff filed a *Motion to Reiterate Partial Withdrawal of Claims and Remand*, asserting that Defendants had not responded to its initial motions, thereby waiving any opposition thereto. (Docket No. 10).

On September 8, 2021, the Court denied Plaintiff's request to withdraw his ADEA and Title VII claims under Fed. R. Civ. P. 41(a), given that the correct mechanism to dismiss certain claims, in lieu of an action, is an amendment to the complaint pursuant to Fed. R. Civ. P. 15. (Docket No. 12). After obtaining leave, Plaintiff filed his *First Amended Complaint* that contained exclusively Puerto Rico law claims. (Docket No. 18).

## II. DISCUSSION

The First Circuit has held that "[a]n amendment to a complaint *after removal* designed to eliminate the federal claim will not defeat federal jurisdiction." Ching v. Mitre Corp., 921 F.2d 11, 13 (1st Cir. 1990) (collecting cases) (emphasis in the original). Specifically, "an amendment to eliminate the federal claim does not defeat federal jurisdiction over the state-law claims because supplemental jurisdiction exists over those claims." Perez v. Brockton Neighborhood Health Ctr., Inc., 2019 WL 145575, at *4 (D. Mass. 2019) (citing Lawless v. Steward Health Care System, LLC, 894 F.3d 9, 19 (1st Cir. 2018)). Instead, "an elimination of the anchoring federal claim 'sets the stage for an exercise of the court's informed discretion'" regarding remand. Id. (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256-57 (1st Cir. 1996)).

When assessing whether or not to retain jurisdiction, "the trial court must take into account concerns of comity, judicial

economy, convenience, fairness, and the like." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996). Ordinarily, the balance of these factors "will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995)).

In the case at bar, the litigation is only in its infancy. No scheduling conference has been held and no discovery has been conducted. Importantly, Vargas' employment discrimination claims do not contain an embedded federal question which would tip the balance in favor of retaining jurisdiction. *See* Rhode Island Fishermen's All., Inc. v. Rhode Island Dep't Of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) (defining an embedded federal question as a state-law cause of action that "'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'") (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). Emerson has not responded to Plaintiff's motions withdrawing claims or requesting remand, nor has it sought an extension of time to do so.

Accordingly, Defendant has failed to articulate any reason for why remand would be improper.

## IV. CONCLUSION

In light of the above, the Court **GRANTS** Plaintiff's requests for remand at Docket Nos. 8 and 10 and **ORDERS** that the case be remanded to the Puerto Rico Court of First Instance, Bayamon Superior Part, case caption and number: <u>Fernando R. Vargas Meléndez v. Emerson Puerto Rico y Emerson Automation Solutions</u>, Civil Núm. BY2021CV02073.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 21st day of September 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
